Ortiz, Plaintiff and Appellee, *v.* Silva et al., Defendants and Appellants.

Appeal from the District Court of Ponce in an Injunction Proceeding to Recover Possession of Real Property.

No. 2288.—Decided November 22, 1920.

Appeal—Costs.—An order refusing to strike out a memorandum of costs moved for on the ground that it was filed out of time, having been appealed from,

*Held:* That such an order might be reviewed in an appeal from an order adjudging the payment of costs and fees, but that such order of itself is not among those which are appealable according to subdivision 3 of section 295 of the Code of Civil Procedure.

The facts are stated in the opinion.

*Messrs. Benet & Souffront* for the appellants.

*Mr. L. Montalvo Guenard* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The party in whose favor judgment was entered in this case presented to the lower court his memorandum of costs and attorney fees. The adverse party moved that it be stricken from the record and not considered because it had been presented too late. The court below overruled the motion and ordered that objections to the memorandum be filed within the time fixed by law, whereupon an appeal was taken from that order.

A transcript of the record having been filed in this court, the appellee moved for dismissal on the ground that the said order is not appealable. The appellant contends, on the other hand, that it is appealable under subdivision 3 of section 295 of the Code of Civil Procedure, which provides that an appeal may be taken from any special order made after final judgment.

The right of appeal allowed by the said subdivision of section 295 is not from all orders entered after final judgment, but only from special orders, that is, from orders disposing of some question not included in the judgment. The lower court has not yet fixed the amount which the appellant must pay as costs and attorney fees, but only decided that the memorandum was presented in time. This is a question that may be raised and reviewed in an appeal from the order for the payment of costs and attorney fees, for the appellant's motion to strike is equivalent to a demurrer on the ground that the appellee has no cause of action for the

recovery of costs and attorney fees because he did not set up a claim for them within the time allowed by law.

The appeal must be

*Dismissed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.